UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PIPEFITTERS LOCAL NO 636 PENSION
FUND, E. THOMS DEVLIN, FRANK
WIECHERT, JOSEPH BOURGEOIS, TODD
HOYT, RANDY BROOKS, and CARL EVANS,

        Plaintiffs,                       CIVIL ACTION NO. 05-74326

     v.                                    DISTRICT JUDGE GEORGE CARAM STEEH

MERCER HUMAN RESOURCE           MAGISTRATE JUDGE VIRGINIA MORGAN
CONSULTING, INC., and TOWERS,
PERRIN, FORSTER & CROSBY, INC.

        Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION
## FOR PROTECTIVE ORDER ON RULE 30(B0(6) DEPOSITION (#35)

Plaintiffs filed a motion for Protective Order seeking to prevent defendants from taking of a Rule 30(b)(6) deposition (D/E 35). Plaintiffs submit that the deposition is inappropriate because it seeks to take the testimony of lay witnesses and the answers defendants seek are appropriate only for expert testimony. Since experts have yet to be identified or their reports exchanged, the deposition should be prevented. Defendants oppose the motion.[1] A status conference was held with the magistrate judge on June 6, 2007, at which this motion and other matters were discussed. Counsel was advised that the motion would be granted in part and the

---

[1] Although Mercer is also a named defendant, its involvement with the Fund predates that of Towers Perrin and most of the issues, although applicable generally to both defendants, are raised by Towers Perrin.

-1-

deposition delayed pending additional discovery.

Rule 30(b)(6) permits a party to notice the deposition of an organization to "describe with reasonable particularity the matters on which examination is requested." The organization is required to designate one or more persons to testify on its behalf and may set forth the matters on which each person will testify. At the Rule 30(b)(6) deposition, inquiry can be made on the plaintiff's contentions, both factual and legal. United Technologies Motor Systems v. Borg-Warner Automotive, Inc. 1998 WL 1796257 (E.D. MI 1998). The organization must provide a knowledgeable person, even if this means educating particular witnesses, such as accountants. See, Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Company, Inc., 201 F.R.D. 33, 38 (D. Mass 2001). Thus, plaintiffs may not avoid such a deposition on the grounds that the deposition will require expert testimony. In this case, defendants seek to learn the basis of specifics of allegations made in plaintiff's complaint. These were alleged to be various aspects of the professional negligence of the defendants known to the Fund before the complaint was filed. Defendants have a right to inquire about these.

In order to accommodate the interests of all the parties and make the deposition as productive as possible, IT IS ORDERED that the taking of the Rule 30(b)(6)deposition will be delayed until after August 15, 2007, consistent with the scheduling order entered this date.

No costs to either side.

SO ORDERED.

                                       s/Virginia M. Morgan
                                       Virginia M. Morgan
                                       United States Magistrate Judge

Dated: June 11, 2007

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 11, 2007.

                                                  s/Jane Johnson
                                                  Case Manager to
                                                  Magistrate Judge Virginia M. Morgan