UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIPEFITTERS LOCAL NO 636 PENSION
FUND, E. THOMS DEVLIN, FRANK
WIECHERT, JOSEPH BOURGEOIS, TODD
HOYT, RANDY BROOKS, and CARL EVANS,

    Plaintiffs,         CIVIL ACTION NO. 05-74326

  v.              DISTRICT JUDGE GEORGE CARAM STEEH

MERCER HUMAN RESOURCE     MAGISTRATE JUDGE VIRGINIA MORGAN
CONSULTING, INC., and TOWERS,
PERRIN, FORSTER & CROSBY, INC.

    Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION FOR
## LEAVE TO FILE NOTICE OF NON-PARTY FAULT

This matter is before the court on the Motion of defendant Tower Perrin for Leave to file a Notice of Non-Party Fault (D/E 30), see Michigan Court Rule 2.112(K)(3)(c). Defendant wishes to identify Alan Biller & Associates, the investment consultant for the plaintiff pension fund, because defendant believes that it is a non-party which "is wholly or partially at fault for any alleged damage that the Fund may have suffered, due to its responsibility to advise the Fund's trustees on the appropriateness of their investments of the Fund's assets, and that the damages alleged by plaintiffs are almost exclusively but certainly in all material respects attributable to investment losses the Fund incurred during the years at issue." A status conference was held on this case June 6, 2007, at which counsel were advised that the court was granting the motion.

-1-

MCR 2.112(K)(3)(c) is a state rule which specifies that a Notice of Non-party Fault shall be filed within 91 days after a defendant files its first responsive pleading.  Later filing is permitted on motion for good cause shown so long as there is no unfair prejudice to the opposing party.  This state court rule procedure was promulgated in response to the state legislature's adoption of "tort reform," see, M.C.L. § 600.2957 and § 600.6304, which eliminated joint liability under Michigan law and required the allocation of liability according to the relative fault of all persons who contributed to the accrual of a plaintiff's damages.  Dresser v. Cradle of Hope Adoption Center, 421 F.Supp.2d 1024, 1027 (E.D. MI 2006).  By the better view, as a state court procedural rule, it is not appropriately applied in federal diversity actions like this one.  E.g., Dresser at 1028.   The role of the Notice of Non-Party Fault is fulfilled by Federal Rule of Civil Procedure Rule 8(c) governing affirmative defenses.  See, Dresser, 421 F.Supp.2d at 1028.  Even if the Notice provision of the court rule is held to be Michigan's substantive law as part of Michigan's "fair share" liability, see Greenwich Ins. v. Hogan, 351 F.Supp.2d 736 (W.D. MI 2004)(denying motion to strike Notice of Non-Party Fault), there is no question but that the 91 day aspect is not.  The time limitation cannot be said to be anything but merely procedural and not at all applicable in federal court diversity actions.

In this case, the court finds that document discovery has been on-going, no depositions have been taken and the factual issues in litigation have yet to be fully developed.  There is no prejudice to plaintiff by permitting the filing of this Notice, particularly because this non-party Mr. Billar has been and continues to be associated with the Fund as its investment advisor.  The court is also of the opinion that consequently there is no real need to grant the full 91 days to plaintiff to determine whether to name him in an amended complaint.  However, for the reasons

discussed in that conference, the motion is granted and plaintiff is given 91 days to file an amended complaint.

Therefore, IT IS ORDERED THAT

1. Defendant shall file its notice by June 11, 2007.

2. Plaintiff shall have 91 days from the date of filing, consistent with the Michigan rule, to file an amended complaint naming Alan Biller & Associates as a defendant. Due to the age of this case and current scheduling order to which all parties have agreed, plaintiff is encouraged to file and serve such amended complaint as soon as possible or advise defendant that no such complaint will be filed so as to not unduly delay the litigation.

No costs to either side.

SO ORDERED.

         s/Virginia M. Morgan
         Virginia M. Morgan
         United States Magistrate Judge

Dated: June 11, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 11, 2007.

         s/Jane Johnson
         Case Manager to
         Magistrate Judge Virginia M. Morgan