UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIPEFITTERS LOCAL NO. 636
PENSION FUND, et al.,

            Plaintiffs,

vs.

Case No. 05-CV-74326

HON. GEORGE CARAM STEEH

MERCER HUMAN RESOURCE
CONSULTING, INC. and
TOWERS, PERRIN, FORSTER
& CROSBY, INC.,

            Defendants.
_____/

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' OBJECTION TO SCHEDULING ORDER [DOC. 52]

This case comes before the Court on plaintiffs' objection to the scheduling order entered by Magistrate Morgan on June 11, 2007. A status conference was held before Magistrate Morgan on June 6, 2007 at the request of both parties. The Magistrate met with the parties in her chambers for two hours before issuing her order. The conference did not take place on the record. Following the conference with the Magistrate, the parties entered a stipulated dismissal of defendant Mercer Human Resource Consulting, Inc.

The Magistrate's Memorandum of Status Conference and Scheduling Order provides that: defendants are to produce requested discovery to plaintiffs by July 17, 2007; plaintiffs will bear the cost of restoring or locating electronic data if such is requested from Towers Perrin; plaintiffs must supplement the interrogatories with the identity of the accountant or actuary who provided the facts forming the basis of the

allegations of the complaint; defendant's rule 30(b)(6) deposition shall be taken after August 15, 2007; and the scheduling order is amended as set forth below.

    Witness lists exchanged June 29, 2007

    Expert witnesses identified by July 16, 2007

    Plaintiff's expert report due August 15, 2007

    Defendant's expert report due September 17, 2007

    Non-expert discovery completed by September 30, 2007

    All discovery completed by November 30, 2007

    Final Pretrial Order filed by April 15, 2008

    Final Pretrial Conference April 21, 2008

    Jury Trial April 29, 2008

Plaintiffs have filed objections to the amended scheduling order, as well as to the other orders made by the Magistrate. This Order addresses the amended scheduling order only.

    A. <u>Standard of Review</u>

Local Rule 72.1 permits a magistrate judge to hear and determine any nondispositive motions in civil cases, exercise general supervision of civil calendars and determine motions to postpone the trial of cases, and conduct pretrial conferences, settlement conferences and related pretrial proceedings. LR 72.1(C), (D) and (E). The standard of review under 28 U.S.C. § 636(b)(1) is "clearly erroneous or contrary to law" for non-dispositive pretrial orders issued by a magistrate judge. <u>United States v. Curtis</u>, 237 F.3d 598, 603 (6th Cir. 2001).

B. Document Production Issues

Plaintiffs contend that the scheduling order does not provide sufficient time to review the large number of documents provided by defendant. The Magistrate allowed defendant until July 17, 2007 to produce further crucial documents that should have been included with defendant's original production in February. Plaintiffs complain that requiring expert reports by August 15 does not allow sufficient time for review of the newly produced records.

The Magistrate Judge was fully informed of the issues pertaining to discovery materials and expert witnesses, and there is no indication in the record that her scheduling order in this regard is clearly erroneous or contrary to law. The Court therefore denies without prejudice plaintiffs' request for a further extension of dates.

C. Late Notice of Non-Party Fault

The Magistrate Judge gave defendant Towers Perrin leave to file a late notice of nonparty at fault, which defendant filed on June 11, 2007. Under MCL 600.2957, plaintiffs have until September 10, 2007 to file an amended complaint. Plaintiffs contend that because the scheduling order requires them to name experts and provide expert reports prior to September 10, 2007, they are deprived of the opportunity to fully analyze the change in strategy and focus.

Again, the Court denies without prejudice plaintiffs' request to further extend the scheduling order based on defendant's filing of the notice of nonparty at fault. If plaintiffs actually amend their complaint to add the nonparty at fault, the Court can be asked to revisit the issue of dates.

D.  Costs of Restoring Data

Without a motion pending, the Magistrate Judge ordered that plaintiffs would be required to pay for restoring electronic data, if such was sought by them from defendant. Under the electronically stored information amendment to Fed. R. Civ. P. 26(b)(2)(B), the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.  The court may order discovery if the requesting party shows good cause, but may specify conditions for the discovery.  Due to the lack of a record it is not apparent that the Magistrate Judge engaged in the proper analysis before shifting the cost of discovery to plaintiffs.

Plaintiffs' motion to strike the Magistrate's order as it pertains to the costs of electronically stored information is GRANTED.  If the same issue is raised by motion, the analysis set forth in Fed. R. Civ. P. 26(b)(2)(B) will control the outcome.

E.  Compelling Disclosure of "Expert Consultant"

The Magistrate ordered plaintiffs to supplement interrogatory answers to identify the consultant plaintiffs' counsel hired to help them determine whether to file this action. Fed. R. Civ. P. 26(b)(4) precludes a court from ordering discovery of experts consulted by a party in anticipation of litigation except upon a substantial showing by the requesting party.  If it is contended that the material requested is developed by an expert (1) who has been retained or specially employed in anticipation of litigation or for trial, and (2) who is not expected to be called as a witness, the court must first find the exceptional circumstances described in Rule 26(b)(4)(B) before discovery is ordered.  If the expert was informally consulted and not retained or specially employed, discovery of

4

that consultant is prohibited. See, Regional Airport Authority of Louisville v. LFG, LLC, 460 F.3d 697, 714-15 (6th Cir. 2006).

In this case it is not apparent whether the Magistrate Judge engaged in the proper analysis required to find exceptional circumstances. As such, the order requiring plaintiffs to disclose the identity of the actuarial consultant they relied upon in anticipation of litigation, but who is not expected to be called as a witness, is OVERRULED.

F. Conclusion

For the reasons stated above, plaintiffs' objections to the scheduling order are granted in part and denied in part. Plaintiffs' request for further extension of discovery dates is DENIED without prejudice. The orders requiring plaintiffs to bear the cost of electronic discovery and requiring plaintiffs to disclose their actuarial consultant are VACATED and may be raised by motion should the parties wish to pursue those issues.

It is so ordered.

Dated: July 19, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 19, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk