UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIPEFITTERS LOCAL NO. 636
PENSION FUND, et al.,

        Plaintiffs,

vs.

TOWERS, PERRIN, FORSTER
& CROSBY, INC.,

        Defendant.
_____/

Case No. 05-CV-74326

HON. GEORGE CARAM STEEH

ORDER DENYING PETITIONER ANTHONY ASHER
AND PLAINTIFFS' OBJECTIONS TO ORDER DENYING
MOTION TO QUASH DEPOSITION OF ANTHONY ASHER [DOC. 94]
AND DENYING PLAINTIFFS' MOTION FOR ORAL HEARING [DOC. 92]

        This case comes before the Court on plaintiffs' objections to the Magistrate Judge's order denying plaintiffs' motion to quash the deposition of Anthony Asher, and plaintiffs' motion for oral hearing. The Court does not believe that oral argument on the objections will significantly aid its understanding of the issues, and therefore denies the motion for oral hearing. For the reasons given below, the Court also denies the objections to the order denying plaintiffs' motion to quash the deposition of Anthony Asher.

        Plaintiffs are an employee pension benefit plan within the meaning of ERISA, and the individuals who serve as Trustees of that plan. Plaintiffs' action against defendant Towers Perrin arises out of defendant's alleged malfeasance in the provision of actuarial services to plaintiffs. Plaintiffs allege that based upon defendant's negligence and misrepresentations, they increased benefits payable to the Fund's participants

when the actual financial state of the Fund did not support such increases. In paragraph 41 of the First Amended Complaint, plaintiffs set forth 31 allegations accusing defendant of being "persistently negligent and willfully, recklessly, wantonly disregarding its professional responsibilities" during its term of service to the Fund.

In addition to document discovery, plaintiffs have identified a number of Plan Trustees and nine expert witnesses who can purportedly testify to the factual bases for plaintiffs' claims. Defendant has taken the deposition of at least five Fund Trustees. Defendant also took the Rule 30(b)(6) deposition for the Fund, after the Court ordered plaintiffs to produce a "knowledgeable person, even if this means educating particular witnesses," to testify about the professional negligence known to plaintiffs before the complaint was filed. In great part, each of the deposed plaintiffs testified that counsel handled the pre-litigation investigation, that they have no knowledge of the underlying facts except to the extent communicated by counsel, and that they relied entirely on counsel's advice in making the allegations in paragraph 41 at the time they filed suit.

Defendant seeks to conduct the deposition of Anthony Asher, plaintiffs' ERISA counsel. Plaintiffs filed a motion to quash the deposition of Asher, which was heard and denied by Magistrate Morgan on September 19, 2007. Magistrate Morgan directed Asher to appear for deposition to testify about (1) non-privileged communications he had as Fund Counsel with third parties during the relevant time period at issue and (2) facts he knows that relate to the alleged pre-litigation investigation and the allegations in paragraph 41 of the complaint. The deposition was ordered to be taken at the Courthouse, so Magistrate Morgan could be present to rule on privilege issues that may arise during the deposition. Plaintiffs object to this ruling.

Under what is known as the Shelton test, the deposition of opposing litigation counsel is generally allowed only where: "(1) no other means exists to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986); Nationwide Mutual Insurance Co. v. The Home Insurance Co., 278 F.3d 621, 628 (6th Cir. 2002) (adopting Shelton). Defendant argues that the Shelton test does not apply to this case because Asher has not served as "litigation counsel" in this case. Defendant claims that as the Fund's ERISA counsel, Asher is subject to deposition based on his role as a percipient witness to the events at issue by virtue of his attendance at dozens of meetings attended by the Trustees and their advisers. The Court finds that even under Shelton's more stringent requirements for deposing a lawyer, the deposition of Asher should be permitted.

Defendant seeks to discover the specific facts upon which the allegations of wrongdoing in paragraph 41 are based. This includes what alleged misrepresentations it made to plaintiffs, what specific statements or actuarial information provided by Towers Perrin is claimed to be negligent, when over the six years at issue the allegedly negligent acts took place, as well as what specific actions plaintiffs took in reliance and what damage was caused to the Fund as a result of any identified negligent conduct.

Joseph Bourgeois was designated by plaintiffs as the Fund's 30(b)(6) representative. Mr. Bourgeois' deposition took place, and he was methodically asked about each allegation of paragraph 41. In response to each question, Mr. Bourgeois answered either that he did not know, he would have to rely on expert testimony or that

3

he relied on the opinion of legal counsel at the time of the pre-litigation investigation or at the time of filing suit.  According to the Rule 30(b)(6) deponent, it appears that the only knowledge the Fund has of the facts underlying the allegations of the complaint is based on information from counsel.

Defendant also deposed several Trustees, and plaintiffs include a summary of the testimony in their objections.  In large part, the Trustees testified generally that they make decisions based on advice and recommendations from the actuaries.  The actuaries allegedly repeatedly advised the Trustees that the Fund was overfunded.  For example, Trustee Evans testified that actuary O'Keefe was questioned about whether the Fund could afford a particular benefit and "he would come and say you are 6 percent overfunded; you are 5 percent overfunded, you are 12 percent overfunded." (Evans dep. at 87.)

Plaintiffs are correct when they argue that the Trustees are not experts, and that they must rely on expert testimony to establish that defendant misrepresented the status of the Fund, or that defendant's professional advice was not prudent, or that the Fund was damaged and the damage was proximately caused by the professional malfeasance.  However, the underlying factual allegations are discoverable, such as what were defendant's representations that were allegedly misrepresentations, what was defendant's professional advice that was not prudent, how does the Fund consider itself to have been damaged, etcetera.  Defendant is entitled to discover the specifics. In fact, if the allegations of the complaint are not supported by facts, plaintiffs' case will not survive summary judgment.

Defendant has satisfied the Shelton three-prong test, and will be permitted to depose Anthony Asher as ordered by Magistrate Morgan. Plaintiffs' objections to order denying motion to quash deposition of Anthony Asher are DENIED.

It is so ordered.

Dated: December 13, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 13, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk