UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIPEFITTERS LOCAL NO. 636
PENSION FUND, et al.,

        Plaintiffs,

vs.

TOWERS, PERRIN, FORSTER
& CROSBY, INC.,

        Defendant.
_____/

Case No. 05-CV-74326

HON. GEORGE CARAM STEEH

ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY ORDER FOR
IMMEDIATE APPELLATE REVIEW [DOC. 127] AND DENYING PLAINTIFFS'
MOTION FOR IMMEDIATE CONSIDERATION OF MOTION TO CERTIFY [DOC. 128]

On September 21, 2007, Magistrate Judge Morgan directed plaintiffs' ERISA counsel, Anthony Asher, to appear for a deposition at the Courthouse to testify on the following subjects:

(1) Non-privileged communications he had as Fund Counsel with third parties during the relevant time period at issue; and

(2) Facts he knows that relate to the alleged pre-litigation investigation and the allegations in Paragraph 41 of the complaint.

Plaintiffs filed objections to the Magistrate Judge's order. On December 13, 2007, this Court denied Mr. Asher's objections to the September 21, 2007 order, finding that defendant satisfied the three-prong test for deposing an attorney under Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).

Plaintiffs come before the Court with a motion to certify the December 13, 2007 order for immediate interlocutory review. The December 13, 2007 order is a discovery order, which "generally are not final decisions and cannot be reviewed unless the trial court enters a final judgment disposing of all claims." United States Ex Rel. Pogue v. Diabetes Treatment Centers of America, Inc., 444 F.3d 462, 471 (6th Cir. 2006). The Sixth Circuit stated in Pogue:

> In Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906), the Supreme Court held that an order compelling nonparties to produce subpoenaed documents is a non-appealable interlocutory order. The Court in Alexander stated that the necessary finality would exist, however, if the nonparties were held in contempt of the order. The rule laid out in Alexander - that an individual seeking to appeal a discovery order must first disobey the order and suffer a contempt citation - remains the general rule today. As this court has previously noted, "[t]he Supreme Court's adherence to the Alexander procedure for obtaining appellate review of discovery orders has been unswerving."

Id. (citations omitted).

Under 28 U.S.C. §1292(b), certification for interlocutory appeal is only appropriate where the district court expressly determines that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation." The Shelton principles relied upon by the Magistrate Judge and this Court are well established law without "substantial ground for difference of opinion."

Mr. Asher was served with a deposition subpoena, with which he was subsequently ordered to comply. The December 13, 2007 order is unripe for review,

2

unless and until Mr. Asher refuses to comply with the order and faces contempt proceedings. Now, therefore,

IT IS HEREBY ORDERED that plaintiffs' motion to certify order for immediate appellate review is DENIED.

IT IS HEREBY FURTHER ORDERED that plaintiffs' motion for immediate consideration of motion to certify order for immediate appellate review is DENIED.


Dated: January 15, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 15, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk